## CASTLE v. HILLMAN.

Opinion delivered February 8, 1902.

EJECTMENT—EQUITABLE RELIEF—TRANSFER.—Where, in ejectment, the defendant set up that plaintiff's title was procured by fraud, and asked that the cause be transferred to equity and the cloud on defendant's title removed, it was error to refuse to make the transfer.

Appeal from Arkansas Circuit Court.

GEORGE M. CHAPLINE, Judge.

Reversed.

*James A. Gibson, John F. Park,* for appellant.

When an equitable answer asks relief, the cause should be transferred. 36 Ark. 228. Motion to transfer to equity being overruled, exception must be saved, else the same is waived. 46 Ark. 524. It is error to try a cause in wrong forum when objection is made. 52 Ark. 411. The court will correct appellant's deed. 50 Ark. 179.

*Hill & Auten,* for appellees.

The doctrine of estoppel is a part of the law which regulates rights and duties. 11 Am. & Eng. Enc. Law, 421 (2d Ed.) The

doctrine of estoppel does not apply.   53 Ark. 196; 11 Am. & Eng. Enc. Law, 424, 433, 434 (2d Ed.)

BATTLE, J.   On the 7th day of May, 1897, C. M. Hillman brought an action in the Arkansas circuit court against A. B. Castle to recover possession of block 103, in the town of Almyra, in Arkansas county, in this state.   He alleged in his complaint that he was the owner of the block, and entitled to the possession of it. He traces the chain of his title to T. H. Leslie, the common source of title of both parties to this action, and alleges that Leslie, on the 28th of October, 1891, conveyed the block to the Central Town Site Company; that it, on the 26th of December, 1894, conveyed the block to Sallie L. Price, and that she conveyed it to plaintiff on the 30th day of January, 1896; and further alleged that the defendant was in unlawful possession of the same.

On the 3d day of November, 1897, the defendant answered; and on the 3d day of April, 1899, filed an amended answer and cross complaint, in which he denied that plaintiff was the owner of the block sued for, or entitled to its possession, and that he was in lawful possession of the same; and alleged that Thomas H. Leslie, being the owner thereof, for a valuable consideration sold and conveyed it, on the 5th day of January, 1892, to W. H. Garrett; that, the block being improved, Leslie placed Garrett in the actual possession of the same; and he so remained until the 24th day of November, 1894, when he sold and conveyed it to the defendant.

And he further alleged as follows: "Defendant says it may be true that the block here in controversy is contained in a deed from the said Thomas H. Leslie to the Central Town Site Company along with 400 or 500 other lots and blocks, but defendant alleges that, if same is contained in said deed as alleged by the complaint, it was inserted surreptitiously by the draftsman of the deed, and the said Leslie signed the same without the knowledge that the block in controversy was contained in said deed; that said Leslie will so testify on the trial of this cause.   Defendant says that it may be true that said block is contained in the conveyance from the said Central Town Site Company to Sallie L. Price, but, if so, same was the result of the fraudulent insertion of the same in the deed from the Central Town Site Company as aforesaid.

"Defendant admits that the said plaintiff holds a deed from the said Sallie L. Price for the southwest quarter section 26, township 3 south, range 4 west; but defendant avers that at the

time of the purchase of the said land it was distinctly understood and agreed by and between the said Thomas H. Leslie and the Central Town Site Company, and the Central Town Site Company and Sallie L. Price, and the said Sallie L. Price and the said plaintiff, Hillman, that no lot or block that had been sold or disposed of in any manner whatever, or that was occupied by any *bona fide* holder, and situated in the said southwest quarter section 26, township 3 south, range 4 west, was to be included in said sale, and the block in controversy was expressly omitted from said deed; that before the signing of the said deed the plaintiff, under the pretext of wanting to examine said deed, asked permission to look over same, and carried same away, and had a new deed drafted, in which he inserted the whole of the southwest quarter of section 26, including defendant's block, and represented to the said Sallie L. Price that the deed he returned was the same he had carried away, or that it contained the same land only; that, not expecting the plaintiff to practice any fraud or imposition on her, without examining the same, she signed said deed, not knowing or suspecting that said block was contained in said deed. Defendant alleges that he believes that the said plaintiff perpetrated the fraud aforesaid on his said vendor for the purpose of trying to obtain an unconscionable advantage over this defendant."

Other allegations were made in the answer. The defendant asked "that T. H. Leslie, the Central Town Site Company, and Sallie L. Price be made parties to this suit; that the amended answer be taken as a cross bill against plaintiff, C. M. Hillman, and the parties aforesaid; that they be required to answer the same; that this cause be transferred to the chancery court for hearing; that plaintiff's pretended title to the block aforesaid be canceled, set aside, and held for naught, and the cloud cast thereby on defendant's title be removed, and his title to said block 103 be quieted, and for all other relief."

On the motion of the defendant, the cause was transferred to the Arkansas chancery court. Thereafter the plaintiff filed an amended answer to the defendant's cross complaint in the chancery court, and denied the allegations therein as to fraud, and moved that the cause be remanded to the circuit court, which the court sustained, and the defendant excepted. Afterwards, on the 13th day of November, 1899, defendant filed a motion to transfer the cause to the chancery court, alleging that the answer and cross

bill tendered an issue that was cognizable alone in the chancery court, and also that a court of law could not grant the relief prayed for, either by the amended answer and cross bill or by the plaintiff's answer to defendant's cross bill. This motion was overruled by the circuit court, and the defendant excepted.

"The cause was then submitted to the court, sitting as a jury, and he rendered judgment for plaintiff, awarding him the possession of the block in controversy. Defendant excepted, filed his motion for a new trial, because the findings of the court were contrary to both the law and the evidence, and also because the court erred in overruling his motion to transfer to equity; which motion for a new trial the court overruled, to which the defendant excepted, asked and obtained sixty days in which to prepare and file his bill of exceptions, which he did, and appealed to this court."

Appellant sought to remove clouds from his title to the block in controversy. According to the allegations of his cross bill, the legal title to the block was conveyed by T. H. Leslie to the Central Town Site Company, and by it to Sallie L. Price, and by her to the appellee; yet no one of the parties sold or intended to convey the same to the grantees, the conveyance thereof being procured by fraud, without the knowledge or consent of the grantors. He asked that these parties be made parties to the action and sought to remove the cloud cast upon his title by the fraudulent conveyances. This relief is purely and exclusively equitable, and the motion to transfer the cause to the chancery court should have been granted. A careful examination of the evidence adduced at the trial in the circuit court confirms us in this opinion.

The judgment of the circuit court is therefore reversed, and the cause is remanded, with instructions to the court to transfer the cause to the chancery court.

WOOD, J., did not participate.